UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL C. STRUVE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04581-RLY-MJD |
| | ) | |
| BONNIE J. GARDNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' Motion to Compel and for Sanctions.  [Dkt. 68.]  For the reasons and to the extent set forth below, the Court **GRANTS** Plaintiffs' motion.

Plaintiffs' motion sought to compel Defendant Bonnie Gardner to make complete responses to four interrogatories.  The day after Plaintiffs filed their motion, Gardner served supplemental interrogatory responses that appear to have resolved most of Plaintiffs' issues.  *See* [Dkt. 83 at 2] (noting that supplemental responses appear to be "fairly comprehensive). However, Gardner still has not provided the beneficiary designation information for two accounts (referred to as the Nautica -4403 account and the TD Ameritrade -1870 account). Presumably this was an oversight, as Defendants' response to the motion to compel provides no reason why that information is not discoverable and responsive.  Accordingly, Plaintiffs' motion is **GRANTED** as to that information.

Also remaining at issue is whether Plaintiffs are entitled to an award of attorney fees.

Pursuant to Rule 37(a)(5)(A),

> [i]f [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

"The Seventh Circuit has held that Rule 37 'presumptively requires every loser to make good the victor's costs,' suggesting that the fee shifting requirements encourage the voluntary resolution of discovery disputes by the parties." *Tecnomatic, S.p.A. v. Remy, Inc.*, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013) (quoting *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994)). The "burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." *Malibu Media, LLC v. Harrison*, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014).

Defendants do not acknowledge the applicable standard, but implicitly argue that their failure to provide complete responses to the interrogatories until after the motion to compel was filed was substantially justified because they "have not withheld or purposefully been obtuse during discovery; they have simply faced legitimate practical challenges in expediently providing extensive answers to broad, burdensome interrogatories." [Dkt. 78 at 5.] The Court has no doubt that the global pandemic has made Defendants' task of responding to discovery in

this case significantly more difficult than it otherwise would have been, especially in light of the fact that Gardner is "93 years old, blind, and . . . sometimes unable to recall facts such as the current year or president." *Id.* at 2. However, this is not a case in which a party rushed to file a motion to compel. The interrogatories at issue were served on February 4, 2020; Gardner's initial and amended responses were served on March 5, 2020, and April 24, 2020, respectively; and Plaintiffs first pointed out the deficiencies (most of which were obvious) on March 30, 2020. The issues were discussed with the Court on May 11, 2020, and the parties again conferred about the deficiencies on August 24, 2020. The motion to compel was not filed until over two months later on November 2, 2020. Gardner had ample time to gather the necessary information—or at least much more of it than was provided—prior to the filing of the instant motion, even considering the unusually difficult circumstances. And, in any event, Plaintiffs have pointed to a significant amount of responsive information that was readily available to Defendant Land, who is Defendant Gardner's attorney-in-fact, but which was inexplicably not produced until after the motion to compel was filed. *See* [Dkt. 69 at 6, 10].

Finally, Defendants' argument that "[a]ny delay in supplementing Gardner's interrogatory answers is further explained by the parties' recent settlement efforts," *id.* at 78, is not persuasive. Gardner was obligated to fully respond to Plaintiffs' interrogatories; the fact that Defendants' "turned their attention to collecting and producing" certain responsive information and "to preparing settlement counteroffers" in early September does not in any way explain or excuse their failure to comply with that obligation.

Defendants have not demonstrated that Gardner's failure to comply with her discovery obligations in a timely manner was substantially justified; nor have they pointed to any other circumstances that would make an award of fees to Plaintiffs unjust. Accordingly, Plaintiffs'

request for fees is **GRANTED**.  Plaintiffs shall file a motion for fees along with supporting

documentation **within fourteen days of the date of this Order**.

       SO ORDERED.

Dated:  3 DEC 2020

       Mark J. Dinsmore
       United States Magistrate Judge
       Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email