UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL C. STRUVE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-04581-RLY-MJD |
| ) | |
| BONNIE J. GARDNER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON AMENDED PETITION FOR FEES**

This matter is before the Court on Plaintiffs' Amended Petition for Fees [Dkt. 130].[1] For the reasons and to the extent set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

---

[1] In filing their original motion for fees, Plaintiffs neglected to attach an exhibit that was critical to Plaintiffs' motion. The exhibit was cited to extensively in Plaintiffs' motion; it was clearly prepared and simply inadvertently omitted when the motion and accompanying exhibits were uploaded to cm/ecf. Plaintiffs sought and were granted leave to file their amended motion to remedy the error; accordingly, the original motion for fees, [Dkt. 103] is **denied as moot**. The Court notes that Defendants filed a response to the original motion arguing that Plaintiffs should be barred from obtaining a fee award, treating the situation as if Plaintiffs had missed a deadline rather than making an easily remedied clerical error. The Court suggests that a more appropriate response would have been a simple phone call to point out the omission so that Plaintiffs could correct it.

## I. Background

Plaintiffs served their First Interrogatories and Requests for Production of Documents on Defendant Bonnie Gardner on February 4, 2020. Gardner served her initial responses on March 5, 2020. Those responses were deficient. Over the next eight months, Plaintiffs sent "countless" letters and emails seeking complete responses, before finally filing a motion to compel on November 2, 2020. The motion to compel was directed to four interrogatories (hereinafter referred to as "the Interrogatories"). The day after the motion was filed, Gardner served supplemental interrogatory responses that essentially resolved the issues raised in the motion to compel.

## II. Applicable Law

Federal Rule of Civil Procedure 37(a)(5)(A) provides that

> [i]f [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

If the Court determines that an award of fees is appropriate, it must then determine the amount of the award by applying the "lodestar" method, which requires the Court to multiply a reasonable hourly rate by the number of hours reasonably expended by the successful party in litigating the motion. *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016) ("Our case law provides that the 'starting point in a district court's evaluation of a fee petition is

a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'") (quoting *Divane v. Krull Elec. Co.,* 319 F.3d 307, 317-18 (7th Cir. 2003)). District courts have a great deal of discretion with regard to assessing the reasonableness of the hours expended by counsel. *See Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007) ("'If ever there were a case for reviewing the determinations of a trial court under a highly deferential version of the "abuse of discretion" standard, it is in the matter of determining the reasonableness of the time spent by a lawyer on a particular task in a litigation in that court.'") (quoting *Ustrak v. Fairman,* 851 F.2d 983, 987 (7th Cir. 1988)). For the second half of the lodestar calculation, "[t]he reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. 'The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Id.* (citations omitted). "The burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Id.* (citation omitted).

### III. Discussion

In ruling on the motion to compel, the Court considered Plaintiffs' request for fees pursuant to Rule 37(a)(5)(A) and determined that Gardner's position was not substantially justified and an award of fees was appropriate. [Dkt. 88.] Therefore, the only issue before the Court is the appropriate amount of that award.

Plaintiffs seek an attorneys' fee award in the amount of $51,577.50.[2] This represents 66.5 hours of work by two partners, two associates, and a paralegal, whose hourly rates for 2020 ranged from $285.00 to $645.00. Defendants do not object to the hourly rates sought, and the Court finds them to be reasonable.

Defendants do, however, argue that the number of hours billed by Plaintiffs is excessive, for several reasons. First, they argue that Plaintiffs seek to recover for work that was not related to the four interrogatories that were the subject of their motion to compel. Defendants argue:

> Throughout 2020, Defendants received no fewer than nine letters from Plaintiffs regarding perceived deficiencies in Defendants' discovery responses, attended at least two Rule 26(f) teleconferences with Plaintiffs' counsel, and attended two discovery conferences with the Court. The disputes raised by Plaintiffs throughout that time concern discovery responses from Gardner and Land, and, in total, address twelve interrogatories, 25 requests for production, and four requests for admissions. In addition to these disputes, Defendants raised several discovery disputes regarding deficiencies in Plaintiffs' written discovery responses.

[Dkt. 140 at 2.] Plaintiffs' counsel have demonstrated that each of the billing records at issue relates to the Interrogatories. *See* [Dkt. 145-2 at 2-3.] However, the Court finds that Plaintiffs' request for fees related to all of their correspondence and conferences relating to discovery—even if the Interrogatories were among the disputes addressed therein—is overly broad.

This Court and others have held that "there are circumstances in which time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37." *See Senior Lifestyle Corp. v. Key Benefit Administrators, Inc.*, 2020 WL 3642511, at *6 (S.D. Ind. July 6, 2020) (citing *Rackemann v. LISNR, Inc.*, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018)

---

[2] This number includes the $45,708.50 sought by Plaintiffs in their motion, minus a duplicate billing entry of $351.00 identified by Defendants in their response, plus the additional $6,220.00 Plaintiffs seek in their reply brief.

4

(noting that "federal courts have often allowed fees for meeting and conferring to be included in awarded attorney fees")).  The Interrogatories were served on February 4, 2020; Gardner's initial responses were served on March 5, 2020.  Plaintiffs seek fees for correspondence beginning on March 11, 2020.  As the Court recognized in its Order on the motion to compel, there is no doubt that the global pandemic made Defendants' task of responding to discovery in this case significantly more difficult than it otherwise would have been.  There was a period of time in which Plaintiffs' efforts at prodding Defendants to move more quickly were in large part futile given the logistical challenges caused by the pandemic, challenges that were exacerbated by the fact that Gardner resides in a care facility that was locked down for a period of time.  Accordingly, given the specific circumstances of this case, the Court declines to award Plaintiffs fees for those efforts that took place from March 2020 through June 2020.  By July 10, 2020, however, when Plaintiffs were billed for emails sent to Gardner's counsel, the Court finds that it was entirely reasonable for Plaintiffs to work in earnest to obtain complete discovery responses from Gardner.  The Court therefore will only award Plaintiffs fees for their meet-and-confer efforts from that date forward, and will exclude the $20,629.50 incurred prior to July 2020.  *See* Lines 1-52 in [Dkt. 140-1].  This means that the Court is allowing $2,535.00 in fees for fees incurred for meet-and-confer activities.  *See* Lines 53-61 in [Dkt. 140-1].

     Next, Defendants identify 23.6 hours that they agree were spent on the motion to compel and argue that those hours are excessive.  *See* [Dkt. 140 at 3] (identifying relevant billing entries).  As Defendants correctly point out, the motion to compel did not raise any complex issues.  The Defendants did not dispute that they were required to produce the information sought by Plaintiffs; they just had not done it yet.  Nonetheless, the Court has reviewed Plaintiffs' filings relating to the motion to compel [Dkt. 68, 69, 83, and 84] and finds that they were

5

appropriate; Plaintiffs did not overbrief the issues. Defendants assert that it was unreasonable to spend 23.6 hours on "Plaintiffs' Motion to Compel, supporting Verified Brief, and Reply[, which] totaled only 24 pages, inclusive of certificates of service." [Dkt. 140 at 4.][3] This calculation does not account for any time for compiling the extensive exhibits submitted with the briefs. In any event, billing approximately one hour per page is not unreasonable on its face. *Slabaugh v. State Farm Fire & Cas. Co.*, 2014 WL 1767088, at *3 (S.D. Ind. May 1, 2014) (noting that cases cited by party in support of reducing fee request "for lack of substantive brief" still found it "reasonable to allow roughly one page of briefing per hour of work alleged") (citing *Maxwell v. S. Bend Work Release Ctr.,* 2010 WL 4318800 (N.D. Ind. Oct. 25, 2010) (7.4 hours reduced to 3.5 hours for a three-page brief with no case law); *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.,* 259 F.R.D. 323, 330 (N.D. Ill. 2009) (at least 30 hours—over $16,000 at a rate of $270 to $473 per hour—reduced by one half for two motions totaling nine pages of non-complex legal and factual issues); *Arrington v. La Rabida Children's Hosp.,* 2007 WL 1238998 (N.D. Ill. Apr. 25, 2007) (1.8 hours reduced to 1 hour to draft a petition for attorney's fees that was one page long, and 3.5 hours reduced to 1 hour to draft a three-page brief with no case law)). More importantly, however, in this case "[a]ll of the fees and costs that [Plaintiffs] are requesting in their Petition have actually been incurred by [Plaintiffs] and do not include any fees or costs that were written off by the Firm." [Dkt. 130-4.] "[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (citing *Stark v. PPM Am.,*

---

[3] Defendants argue that the Court should reduce the 23.6 hours they have identified as relating to the motion to compel by half and award Plaintiffs no more than $4,586.40 for this work. Defendants do not explain why they believe fifty percent is the appropriate reduction.

*Inc.,* 354 F.3d 666, 675 (7th Cir. 2004); *Medcom Holding Co. v. Baxter Travenol Labs., Inc.,* 200 F.3d 518, 520-21 (7th Cir. 1999); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996)). "[I]n the normal course of adjudication, 'reasonableness must be assessed using the market's mechanisms,'" *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 775 (7th Cir. 2010) (quoting *Medcom Holding Co.*, 200 F.3d at 520), and if "the bills were paid, this strongly implies that they meet market standards." *Medcom Holding Co.*, 200 F.3d at 520. While many of these cases involve fee-shifting provisions in contracts, the same general principles hold true in this context. The Court does not find the amount billed by Plaintiffs' counsel for work related to the motion to compel—$11,725.00—to be unreasonable.[4]

Next, Defendants object to the 26.3 hours they calculate Plaintiffs' counsel billed for preparing the instant fee motion.[5] The Court assumes that Defendants also find the additional $6,220.00 billed for the reply in support of the motion to be unreasonable. Defendants argue:

> In an analogous case, *Spegon v. Catholic Bishop of Chicago*, the movant "spent approximately the same number of hours preparing the fee petitions as he requested in pursuing the merits of the case," which the court found "patently unreasonable." 175 F.3d 544, 554 (7th Cir. 1999). Similarly, in *Ustrak v Fairman*, 851 F.2d 983 (7th Cir. 1988), the movant claimed to have "devoted almost 15 minutes to preparing a petition requesting fees for that hour." *Id.* at 988. The court described the petition preparation as a "marvel[] of misplaced ingenuity and thoroughness." *Id.* The *Ustrak* and *Spegon* courts cited *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988), as an example of proper fee recovery, granting the movant's request for 1.6 hours of time spent preparing the petition to collect fees upon ***final*** disposition of the ***entire*** case.

---

[4] The Court includes Lines 62 through 82 in [Dkt. 140-1] in this category, which includes several entries (Lines 62, 65, 66, and 69) that Defendants categorize differently.
[5] By the Court's calculation, Plaintiffs seek $10,468.00 in fees related to the instant motion, *see* Lines 84-98 in [Dkt. 130-1], plus an additional $6,220.00 for the reply in support of the instant motion, *see* [Dkt. 150-1], for a total of $16,688.00 for litigating the fees issue.

7

[Dkt. 140 at 5.] Defendants further argue that "[t]he Court should look to this analogous Seventh Circuit precedent and limit Plaintiffs' hours to 0.4, one quarter of the amount allowed in *Spegon* and *Kurowski*, which accounts for the narrow scope of the Motion to Compel." *Id.* at 6.

The suggestion that a coherent fee petition and the necessary documentation could be drafted, compiled, and filed in twenty-four minutes is, in a word, silly. Plaintiffs are entitled to recover a reasonable amount of attorneys' fees for litigating the fee issue; twenty-four minutes is facially unreasonable. That said, "[t]he party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999). Plaintiffs anticipated an argument based on *Spegon* and calculated that the work for which they seek reimbursement in the instant motion represents only 4.1% of the total work their counsel performed on this case between March 9, 2020, and the date of fee motion was filed, February 5, 2021. The Court finds that, applying the rationale of *Spegon*, the relevant inquiry is not how much time counsel spent on the case overall, but rather the amount of time counsel spent on the discovery dispute for which fees are sought. The holdings in the cases cited above are based upon the assumption that the lengthier and more complex the legal work that generated the fees was, the lengthier and more complex the fee petition related to that work will be. In this case, the Court has found that Plaintiffs counsel reasonably billed $14,260.00 for litigating the motion to compel. Given that fact, the Court finds that it would be facially unreasonable to award Plaintiffs $16,688.00 for their fee petition. Accordingly, the Court will reduce the amount sought for the fee petition by 60%, which is approximately the amount that the Court has reduced the amount sought for litigating the merits

of the discovery dispute, and award Plaintiffs $6,675.20 for litigating the fee petition[6] and a total award of $20,935.20. The Court finds this total amount to be reasonable in light of all of the relevant circumstances.[7]

      Finally, Rule 37(a)(5)(A) provides that the Court may order that a fee award be paid by "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both." In a footnote in their opening brief, Plaintiffs argue the following: "Here, it seems plain that it was Land's conduct—not Gardner's—that necessitated the motion. (*E.g.*, Dkt. 99 at 2 (describing Gardner's extensive memory limitations, including being unaware that she filed counterclaims in this matter).) Accordingly, Plaintiffs ask the Court to consider whether the sanctions should be paid by Land or his counsel." [Dkt. 130 at 7.] Plaintiffs offer no authority for the proposition that the Court can order Land to pay fees relating to a motion to compel Gardner to comply with her discovery obligations. Defendants argue that the award should be payable by Gardner alone, and not her counsel, but they offer no explanation for why that should be the case. Gardner is ultimately responsible for her discovery responses; however, counsel's service of the amended responses the day **after** the motion to compel was filed suggests that those responses could and should have been provided **before** the motion was filed.

---

[6] The Court recognizes that this is a higher percentage of the merits fees than was allowed in the cases cited by Defendants. However, those cases do not establish a permissible ratio, but rather hold that the ratios arrived at by the district judges in those cases were not an abuse of discretion.

[7] The Court recognizes that Defendants ask the Court to exercise its discretion to reduce the overall award to $4,749.46, which is the amount Defendants argue is a reasonable "sanction" under the circumstances. However, the issue before the Court is not how much Gardner deserves to be sanctioned, but rather what reasonable expenses were incurred by Plaintiffs. The Court finds that Plaintiffs reasonably incurred $20,935.20 as a result of Gardner's failure to properly respond to the Interrogatories in a timely manner.

Accordingly, the Court finds it appropriate to issue this fee award against both Gardner and her counsel.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Amended Petition for Fees [Dkt. 130] is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs are awarded fees in the amount of $20,935.20. Defendant Gardner and her counsel, FROST BROWN TODD LLC, are jointly and severally liable for payment of the fees, which payment shall be made **within thirty days of the date of this Order**.

SO ORDERED.

Dated: 14 MAY 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.